UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Christopher Wilkening and Erin Wilkening, | File No. 22-cv-3108 (ECT/LIB) |
| Plaintiffs, | |
| v. | **OPINION AND ORDER** |
| Santander Consumer USA, *Debt Collector & Owners Personally*; and Experian Corp., Equifax, TransUnion, and Innovis Data Solutions, *Joint and Several Debt Collectors/Credit Reporting Businesses Jointly & Severally*, | |
| Defendants. | |

---

Christopher Wilkening and Erin Wilkening, *pro se*.

Jaime Wing, Norton Rose Fulbright US LLP, Minneapolis, MN for Defendant Santander Consumer USA.

---

In this case removed from Minnesota state district court, *pro se* Plaintiffs Christopher and Erin Wilkening claim that Defendant Santander Consumer USA[1] violated various laws when it administered and attempted to collect on a retail installment sale contract the Wilkenings signed to purchase a car. Santander seeks to compel arbitration of the Wilkenings' claims under the Federal Arbitration Act and dismissal of this case. The motion will be granted.

---

[1] Santander says it is misidentified in the Wilkenings' Complaint as "Santander Consumer USA" and that its correct name is "Santander Consumer USA Inc." Mem. in Supp. [ECF No. 10] at 1 n.1.

I

In December 2020, the Wilkenings purchased a used 2020 Chevrolet Impala. To finance this purchase, the Wilkenings executed a "Retail Installment Sale Contract" with the vehicle's seller and creditor, Enterprise Leasing Company of Minnesota, LLC. *See* ECF No. 15. The contract includes an arbitration provision. It says, in relevant part:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

*Id.* at 4. Enterprise assigned the contract to Santander. Hemingway Decl. [ECF No. 11] ¶ 4.

In their Complaint—which must be liberally construed owing to the Wilkenings' *pro se* status, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)—the Wilkenings allege that Santander "threatened" to repossess the car "by use of force from the [Wilkenings'] private property" and engaged in other unlawful debt-collection activities. Compl. [ECF No. 2-1] ¶ 3. These other allegedly unlawful activities include: "coercing" the Wilkenings to pay money they do not owe, *see id.* ¶ 5, threatening to accelerate future payments due under the contract, *id.* ¶ 8, failing to show that it owned or had legal authority to enforce the Wilkenings' debt, *id.* ¶ 17, reporting the Wilkenings' contract status to

2

various credit-reporting agencies "to ruin the Plaintiffs['] good name and creditworthiness," *id.* ¶ 19, and more.

II

Santander, as the party invoking federal subject-matter jurisdiction, bears the burden of establishing its presence. *See Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). The requirements of removal jurisdiction must be narrowly construed. *Arnold Crossroads, L.L.C. v. Gander Mountain Co.*, 751 F.3d 935, 940 (8th Cir. 2014). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011) (quotation omitted).

Here, Santander says there is subject-matter jurisdiction over this case under 28 U.S.C. § 1331 because the Wilkenings' Complaint should be construed to assert a claim under the federal Fair Debt Collection Practices Act (or "FDCPA"), 15 U.S.C. § 1692 *et seq.* Not. of Removal [ECF No. 1] ¶ 9; *see also* Civil Cover Sheet [ECF No. 1-1]. And Santander goes to some length in its Notice of Removal to explain why this is so. *See id.* ¶¶ 9(a)–(j). Failing that, Santander says there is diversity jurisdiction under 28 U.S.C. § 1332(a).[2]

---

[2] At the time of removal, Santander was the only Defendant identified in the Wilkenings' Complaint that had been served, and there is no evidence of any other named Defendant having been served since the action was removed. Not. of Removal ¶ 7; ECF No. 2-1 at 64–67; *see also generally*, Docket. The Wilkenings have neither objected to the removal nor responded to the present motion. *See generally*, Docket. And they did not appear at the hearing on this motion.

3

I conclude there is subject-matter jurisdiction under § 1331. Though the Complaint itself does not reference the FDCPA specifically, it refers to "Debt Collection Practices Laws." *Id.* ¶ 3. The Complaint includes factual allegations and terminology that is both common and somewhat unique to FDCPA cases. For example, it refers to Santander explicitly as "a debt collector," *id.* ¶¶ 1, 5, it alleges specific harm resulting from the reporting of inaccurate information to credit reporting agencies, *id.* ¶¶ 19, 21, and as described earlier, the core allegations concern allegedly unlawful debt-collection activities of the sort commonly made in FDCPA cases. And in what seem to be exhibits or a supplement to the Complaint, the Wilkenings reference the FDCPA explicitly. *See* ECF No. 2-1 at 23, 37. Though the Complaint includes references to state law, *see* Compl. ¶¶ 3, 4, 14, it does not include allegations suggesting that these state law claims are exclusive. The Complaint says nothing to suggest that the Wilkenings disclaim reliance on federal law. The bottom line is that, in balancing the need to liberally construe the Wilkenings' Complaint against the need to resolve doubts in favor of remand, I conclude that the Wilkenings do enough to assert an FDCPA claim. Though the specifics of this claim have yet to be sorted out, the Wilkenings' allegations fit comfortably in several FDCPA subsections, including 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(10), and 1692f.

### III

A motion to compel arbitration is analyzed either as a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6) or as a motion for summary judgment under Rule 56, depending on how the motion is presented. *Seldin v. Seldin*, 879 F.3d 269, 272 (8th Cir. 2018); *City of Benkelman v. Baseline Eng'g Corp.*, 867 F.3d 875, 881 (8th Cir.

2017). Here, Santander relies on at least one extra-pleading fact to support its motion—namely, Hemingway's assertion in his Declaration that Enterprise assigned the contract to Santander. Hemingway Decl. ¶ 4. Therefore, the motion will be analyzed as one for summary judgment.

The Federal Arbitration Act ("FAA") provides that

> [a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The Supreme Court's "cases place it beyond dispute that the FAA was designed to promote arbitration. They have repeatedly described the [FAA] as 'embod[ying] [a] national policy favoring arbitration.'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 345–46 (2011) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)). Of course, "a party cannot be required to submit to arbitration any dispute which [s]he has not agreed . . . to submit." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960). When the making of the agreement for arbitration is at issue, the Eighth Circuit "has refined this inquiry to asking 1) whether the agreement for arbitration was validly made and 2) whether the arbitration agreement applies to the dispute at hand." *MedCam, Inc. v. MCNC*, 414 F.3d 972, 974 (8th Cir. 2005). Though courts "presume that parties have *not* authorized arbitrators to resolve" these "gateway questions, . . . parties are free to authorize arbitrators to resolve" them, provided such authorization is based on neither "silence nor ambiguity"

in the arbitration agreement itself. *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1416–17 (2019) (citations and quotations omitted).

On this record, there is no genuine issue that an agreement for arbitration was made and that it applies to this dispute. Santander filed the contract with its motion. The record includes nothing to suggest that the contract was not validly made. The Wilkenings' Complaint seems to depend on the contract's existence and includes no allegations suggesting that the contract was not validly made. Regardless, the Wilkenings did not respond to the motion, leaving the validity of the agreement uncontested. The contract included a conspicuous arbitration provision that designated the question of "the arbitrability of the claim or dispute" to the arbitrator. *See* ECF No. 15 at 4. "When the parties' contract delegates the arbitrability question to an arbitrator, the court[] must respect the parties' decision as embodied in the contract." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 528 (2019); *see also 3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1198–99 (8th Cir. 2008) ("Unless the parties provide otherwise, the court rather than the arbitrator will determine whether a particular dispute falls within the scope of the [arbitration] clause."). According to the parties' express agreement, then, the gateway question of arbitrability of the dispute here should be determined by the arbitrator, and if the arbitrator determines that question affirmatively, then the claims' merits also will be subject to arbitration.

Santander seeks dismissal of the case, and this result is appropriate on this case's unique facts. Section 3 of the FAA provides that the action should be stayed. *See* 9 U.S.C. § 3 ("If any suit . . . be brought . . . upon any issue referable to arbitration . . ., the court in

which such suit is pending, upon being satisfied that the issue involved in such suit . . . is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had . . . ."). There is a limited, judicially created exception to that rule, which applies when the entire controversy between the parties will be resolved by arbitration. *See, e.g.*, *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769–70 (8th Cir. 2011). In view of the nature of the Wilkenings' claims and the breadth of the arbitration agreement, it is difficult to conceive of an issue the arbitration won't resolve. Though it did not address this precise issue in their brief, Santander agreed with that assessment at the hearing.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendant Santander's Motion to Dismiss [ECF No. 8] is **GRANTED**; and

2. The Complaint [ECF No. 2-1] is **DISMISSED** without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 6, 2023                s/ Eric C. Tostrud
                                        Eric C. Tostrud
                                        United States District Court